NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 241122-U

NO. 4-24-1122

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 25, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| STEVEN E. NICHOLS, | ) | No. 24CF646 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Clayton R. Lee, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Vancil concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2   Defendant, Steven E. Nichols, appeals the circuit court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52, 223 N.E.3d 1010 (setting the Act's effective date as September 18, 2023).

¶ 3   On appeal, defendant argues this court should overturn the circuit court's detention decision because the State did not prove by clear and convincing evidence he poses a

real and present threat to the safety of any person or the community and no condition or combination of conditions can mitigate that threat. We affirm.

¶ 4                                      I. BACKGROUND

¶ 5        On August 16, 2024, the State charged defendant with four counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)), and four counts of child pornography (720 ILCS 5/11-20.1(a)(1)(i) (West 2016)), all Class X felonies. On August 19, 2024, the State filed a verified petition to deny defendant pretrial release, and the circuit court conducted a hearing on the petition.

¶ 6        During the hearing, the State proffered defendant pawned a laptop containing numerous pornographic videos and photographs depicting "the sexual abuse of young female children." The two children shown in the videos and photos were defendant's cousin's daughters, who were both nine years old during the relevant times. A video from November 19, 2016, showed defendant "placing his penis between the legs of one of the girls and ejaculating." Another video, dated January 1, 2017, showed defendant "rubbing his penis across the mouth" of the other girl. In a third video, taken on February 11, 2017, defendant "us[ed] the hand of [one of the girls] to masturbate himself until he ejaculate[d]." In another video from February 11, 2017, defendant rubbed the vulva of one of the girls with his fingers. The laptop contained three additional videos depicting sexual abuse of the children and 176 pornographic photographs of children. Defendant admitted to making the videos and taking the photographs.

¶ 7        Defendant also admitted to secretly filming another woman and her minor son while they showered when he lived in another state. When officers seized defendant's cell phone, he claimed they would not find child pornography on it, but "an additional photo of a separate individual and her minor son *** was located on the defendant's phone." The State argued

detention was appropriate, and no other condition or set of conditions could mitigate the risk defendant posed to the alleged victims or to members of the public.

¶ 8        Defense counsel argued defendant did not have any prior misdemeanor or felony convictions and "he has been a law-abiding citizen except for these allegations." Defendant had not had any contact with the alleged victims "for some years," and the allegations stemmed from events that occurred at least seven years prior. Counsel insisted there were "a multitude of conditions" the circuit court could impose to ensure the victims' and public's safety in lieu of detention, such as random searches of defendant's phone, GPS monitoring, or a prohibition on defendant possessing electronic devices with access to the Internet during the case's pendency.

¶ 9        The circuit court granted the petition, saying:

> "[The] Court's going to find that the State has met its burden by clear and convincing evidence. It's not lost on the Court the age of these allegations, however, with the alleged victims in this case it oftentimes takes this long for these types of things to come to light. So, in his own words, that he's also taped, allegedly taped a mom and *** her minor child taking a shower.
>
>    [The] Court's going to find that the State's met its burden by clear and convincing evidence. I don't believe there are any conditions which I can reasonably impose that could protect the community, so I'm going to order the defendant to be detained."

The court entered a written detention order further explaining its reasoning, emphasizing defendant's "own words that he filmed a mother and her minor son showering shows the two known victims are not an isolated incident" and "the Court cannot find less restrictive means to be reasonably put in place to protect the public."

¶ 10 On August 26, 2024, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), arguing he did not pose a present threat to any person, persons, or the community because the most recent offense allegedly occurred in 2017 and defendant "has not seen the alleged victims in years," the circuit court improperly based its detention decision entirely on the serious nature of the allegations, and the court failed to address why the suggested pretrial release conditions would not sufficiently mitigate any danger posed by defendant.

¶ 11 The circuit court conducted a hearing on defendant's motion on August 27, 2024. After hearing arguments, the court denied the motion and provided the following reasoning:

"[T]he Court's going to disagree with defense counsel as to stating that the Court based its opinion on this matter entirely on the serious nature of the allegations.

Of course, four counts of predatory criminal sexual assault of a child as well as four counts of child pornography certainly are something that the Court took into consideration. It wasn't the full [*sic*] of what the Court decided at the detention hearing. While the allegations are indeed serious, the decision was also based on the defendant's own acknowledgments, not in small part to his admission to taping a mother and her minor son in the shower without their knowledge.

Further, the Court acknowledged that the allegations, while old, occurring allegedly in February, around February 11, 2017, however, due to the nature of the charges and the age of the alleged minor victims, the Court's aware those types of allegations often times take a long time to come to light if they come to light at all. The Court doesn't know if there were possibly other victims out there

that—or other allegations that might be waiting to come to light because of those same factors.

Further, with regard to defense counsel's suggestion of less restrictive conditions, the Court notes that internet access is both widely available and difficult to monitor and/or limit. More concerning to the Court is the safety of the public as no contact orders and GPS orders can only help protect known victims, and then they're often—just to let us know where the defendant is at the time when something may occur.

Assuming that the defendant even obeys the no contact orders or doesn't tamper with the GPS units, defendant's words regarding videotaping a mother and her son without their knowledge reinforces the Court's concern for other possible victims and concerns with regard to the public, which I don't think GPS or no-contact orders can adequately protect."

¶ 12    This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant contends the circuit court erred in denying him pretrial release because the State did not prove he posed a real, present, and unmitigable threat to the safety of persons or the community because it did not present evidence defendant currently resided with children or had privileged access to children. We disagree.

¶ 15    Under the Code, it is presumed that all criminal defendants are entitled to pretrial release, subject to certain conditions. 725 ILCS 5/110-2(a) (West 2022)). The State may file a petition to overcome this presumption for a defendant charged with a detainable offense under the Code. 725 ILCS 5/110-6.1(a) (West 2022). Here, the State was required to prove by clear and

convincing evidence (1) defendant's release would pose "a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and (2) no condition or combination of conditions would mitigate that threat. 725 ILCS 5/110-2(b), 110-6.1(a)(1), (e)(3)(i) (West 2022). Section 110-6.1 of the Code instructs the circuit court to consider "the specific articulable facts of the case" and provides nine factors the court may consider when assessing the real and present threat allegation. See 725 ILCS 5/110-6.1(g)(1)-(9) (West 2022).

¶ 16    We review a pretrial detention determination for an abuse of discretion. *People v. Morgan*, 2024 IL App (4th) 240103, ¶ 35, 238 N.E.3d 597. A court abuses its discretion when its decision is unreasonable, arbitrary, or fanciful, or when no reasonable person would agree with the court's decision. *Morgan*, 2024 IL App (4th) 240103, ¶ 13. A reviewing court will not substitute its own judgment for that of the circuit court simply because it would have analyzed the proper factors differently. *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 15, 143 N.E.3d 833. Likewise, "we will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of witnesses." *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393.

¶ 17    Here, defendant has not shown the circuit court abused its discretion in finding the State established by clear and convincing evidence defendant posed a real and present threat to the safety of the alleged victims and the community and no condition or combination of conditions could mitigate that threat. Essentially, defendant asks us to reevaluate the proffers and arguments and substitute our judgment for that of the circuit court—which we will not do. See *Simmons*, 2019 IL App (1st) 191253, ¶ 15.

¶ 18    The record shows the circuit court considered the statutory factors and found the State met its burden. In reaching its decision, the court heard evidence of and considered defendant's lack of criminal history (725 ILCS 5/110-6.1(g)(2) (West 2022)), the nature and circumstances of the charged offenses (725 ILCS 5/110-6.1(g)(1) (West 2022)), the age of the victims (725 ILCS 5/110-6.1(g)(6) (West 2022)), and the nature of the threat and the identity of the victims whose safety defendant threatened (725 ILCS 5/110-6.1(g)(3) (West 2022)). The State's proffer showed the laptop defendant pawned contained 7 pornographic videos and 176 pornographic photographs depicting the sexual abuse of children. The known victims were nine years old when the videos and photographs were taken. As the court noted, defendant's admission to filming another individual and her minor son in the shower without their knowledge demonstrates his conduct was not isolated to the two victims of the charged offenses. Thus, defendant posed a real and present threat not only to the safety of the known victims, but also to the safety of the community.

¶ 19    During the hearing on defendant's motion for relief, the circuit court specifically addressed defense counsel's suggested pretrial release conditions, finding they would not be sufficient to mitigate the threat defendant posed because "internet access is both widely available and difficult to monitor and/or limit," and "no contact orders and GPS orders can only help protect known victims" and would not be sufficient to protect the community. The court further found that while those release conditions help to inform the court "where the defendant is at the time when something may occur," they would not necessarily prevent defendant from committing additional offenses. Based on the nature of the charged offenses, the court's difficulty in monitoring and limiting a defendant's Internet access, and the limitations of no

- 7 -

contact orders and GPS monitoring, the court's decision was not an abuse of discretion. See *Morgan*, 2024 IL App (4th) 240103, ¶ 13.

¶ 20    The record supports the circuit court's determination the State showed by clear and convincing evidence defendant posed a real and present threat to the safety of the known victims and the community based on the nature and circumstances of the offenses charged, the age and identity of the victims whose safety defendant threatened, and the nature of that threat. See 725 ILCS 5/110-6.1(g)(1), (3), (6) (West 2022). The court also did not abuse its discretion in finding less restrictive conditions would not avoid the threat defendant posed. Therefore, the court's decision was not arbitrary, fanciful, or unreasonable, and no abuse of discretion occurred. See *Morgan*, 2024 IL App (4th) 240103, ¶ 13.

¶ 21                          III. CONCLUSION

¶ 22    For the foregoing reasons, we affirm the circuit court's judgment.

¶ 23    Affirmed.